UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE E. DALE

    *Plaintiff*

v.                                                                                              No. 2:06-cv-14
                                                                                                                                        *Judge Edgar*

WE ENERGIES and TRANS UNION, LLC
    *Defendant*s

_____/

**MEMORANDUM AND ORDER**

      Defendants moved (Doc. No. 28) for Fed. R. Civ. P. 37 Sanctions against the plaintiff. This motion was referred to United States Magistrate Judge Timothy P. Greeley on September 18, 2006. (Doc. No. 45). On October 27, 2006, Unites States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (Doc. No. 57) wherein it was recommended that this Court dismiss the plaintiff's complaint. This recommendation was made because plaintiff had failed to comply with the case management order (Doc. No. 22 ) in that the plaintiff had failed, as ordered, to make the disclosures required by Fed. R. Civ P. 26. The case management order was entered on April 7, 2006. Upon motion by the defendants, plaintiff had also been ordered a second time by Magistrate Judge Greeley to make those disclosures (Doc. No. 48). Plaintiff was warned in this second order entered on October 4, 2006, that failure to make the Rule 26 disclosures would result in a recommendation that the case be dismissed, along with an award of reasonable costs, and an award of fees.

      Plaintiff, acting pro se, filed a timely objection to the report and recommendation. He claims that he has filed certain responses to specific discovery requests made by one of the defendants. However, plaintiff has not provided the Court with a copy of those responses to allow the Court to

evaluate what it was that he provided to that defendant.  In any event, it is clear from both the plaintiff's objection to the Magistrate Judge's Report and Recommendation as well as the responses that the plaintiff, whatever he has supplied, has not supplied the required Rule 26 disclosures.  That being the case, the plaintiff's objection to the Report and Recommendation is **REJECTED and DENIED**.

The Court has reviewed the Report and Recommendation *de novo*, and **ACCEPTS** and **ADOPTS** it pursuant to 28 U.S.C. § 636 (b), Fed R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). The defendant's joint motion for sanctions under Rule 37 is hereby **GRANTED.**  Judgment will be entered for the defendants.

The Court notes that Fed R. Civ. P. 37 (g) provides that after opportunity for a hearing, this Court may require plaintiff to pay reasonable expenses, including attorneys fees caused by the plaintiff's failure to comply with Rule 26.  The Court also notes that defendant TransUnion has moved (Doc. No. 55) for attorney fees.  In view of the fact that plaintiff is proceeding pro se, and since this case has not proceeded to the stage of producing a large amount of attorney fees and expenses, the Court respectfully declines to award attorney fees and expenses in this particular case. Hence defendant Trans Union's application for those fees is hereby **DENIED**.   Of course, the judgment will require the plaintiff to pay court costs in accordance with 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).

SO ORDERED.

Dated: November 16, 2006                    */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE